# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:16-CR-00316 |
| v. | (Judge Brann) |
| TONY A. VONNEIDA, | |
| Defendant. | |

## MEMORANDUM OPINION

### MAY 7, 2021

**I.    BACKGROUND**

In 2016, Tony A. Vonneida was indicted for production of child pornography, in violation of 18 U.S.C. § 2251(a), possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B), and committing those offenses while required to register as a sex offender, in violation of 18 U.S.C. § 2260A.[1] Vonneida thereafter pled guilty, pursuant to a written plea agreement, to production of child pornography.[2] The plea agreement noted that Vonneida's crime of conviction would carry a minimum term of 15 year's imprisonment, along with a maximum sentence of thirty years' imprisonment and a possible lifetime of supervised release.[3]

The Court ultimately accepted the guilty plea, and a Presentence Report (PSR) was prepared.[4] The PSR noted that, in late 2013, while on probation for a state sex

---

[1] Doc. 1.
[2] Doc. 35.
[3] *Id.* at 1-3.
[4] Docs. 42, 59.

offense conviction, Vonneida produced child pornography using his granddaughters as subjects.[5] This activity was revealed because, after Vonneida engaged in conduct that drew the concern of his probation officer, law enforcement searched Vonneida's electronic devices and discovered numerous videos of child pornography.[6] Additionally, the search revealed 56 images of Vonneida's granddaughters, who were then one and one-half years old, and three and one-half years old.[7] The most disturbing images centered around the younger victim, and included pictures of Vonneida touching the girl's vagina with his hands and penis, and touching her hands and face with his penis.[8]

Law enforcement also discovered online discussions between Vonneida and another individual wherein the two discussed their shared interest in child pornography; Vonneida shared some of the images of his granddaughters with that individual.[9] Those conversations then veered into deeply troubling territory, as Vonneida invited the other individual to visit when Vonneida would be caring for his granddaughters so that the other individual could view the youngest granddaughter naked and possibly touch her with his hands and/or penis.[10]

---

[5] Doc. 59 at 3.
[6] *Id.* at 5.
[7] *Id.*
[8] *Id.* at 6.
[9] *Id.*
[10] *Id.* at 7.

At sentencing, the Court calculated a Sentencing Guidelines range of 262 to 327 months' imprisonment.[11] After hearing from the parties, the Court imposed a sentence of 300 months' imprisonment, along with 20 years of supervised release.[12] That sentence was driven largely by Vonneida's crime of conviction—which included the victimization of Vonneida's young granddaughters and discussions with another individual about having that individual victimize one of Vonneida's granddaughters—and by Vonneida's history, which included twice using a device to record individuals in restrooms.[13] In light of that history, the Court concluded that Vonneida was a "repeat and dangerous sex offender against minors."[14] The Court also determined that Vonneida was a danger to society and posed a strong likelihood of recidivism.[15]

As part of the conditions of supervised release, the Court ordered that Vonneida "not have direct contact with any child he knows or reasonably should know to be under the age of 18 years of age without the permission of the federal probation officer," although this excluded "incidental contact during ordinary daily activities in public places."[16] The Court also prohibited Vonneida from going to—or remaining in—any locations "where he knows children under 18 years of age are likely to be" or "where the primary purpose is observing or contacting children under the age of 18 years of age."[17]

---

[11] Doc. 84 at 4-5.
[12] *Id.* at 32-33.
[13] *Id.* at 30-31.
[14] *Id.* at 31.
[15] *Id.*
[16] *Id.* at 35; Doc. 75 at 6.
[17] Doc. 84 at 35; Doc. 75 at 6.

Vonneida thereafter filed an appeal with the United States Court of Appeals for the Third Circuit.[18] However, the Government filed a motion to dismiss the appeal based upon an appellate waiver contained in the plea agreement; the Third Circuit granted that motion and dismissed the appeal.[19]

In 2020, Vonneida filed this timely 28 U.S.C. § 2255 motion challenging the sentence imposed.[20] Vonneida argues that the sentence imposed is illegal and unreasonable because he will be 87 years old at the time of his release from custody—and 107 years old when his supervised release expires—and because the Court failed to distinguish "between possession/production only offenses like the defendant's and contact offenses."[21] Second, Vonneida contends that this Court has violated his "right to move around" because he cannot be around anyone under the age of eighteen, which would restrict his ability to go to stores to shop, to be around young family members, or to attend his grandchildren's school activities.[22] Finally, Vonneida asserts that his right to assemble under the First Amendment has been violated by the prohibition against contact with anyone under the age of eighteen.[23]

The Government has responded to Vonneida's § 2255 motion and asserts that Vonneida's challenge to his sentence is not cognizable in a § 2255 motion and is

---

[18] Doc. 79.
[19] Doc. 85.
[20] Doc. 90. Although Vonneida filed his § 2255 motion more than one year after his judgment of conviction became final, he obtained two extensions of time to file his motion, and his motion is timely based upon those extensions. Docs. 87, 89.
[21] Doc. 90 at 4.
[22] *Id.* at 5.
[23] *Id.* at 7.

procedurally defaulted.[24] The Government further argues that Vonneida's conditions of supervised release are constitutional and appropriately tailored.[25] This matter is now ripe for disposition and, for the following reasons, the Court will deny Vonneida's motion.

## II. DISCUSSION

Vonneida's claims fall into two broad categories: a claim that his sentence is illegal and substantively unreasonable and claims that the conditions of supervised release are inappropriate or unconstitutional. Regardless of the merits of Vonneida's claims,[26] the Court cannot reach their substance because he failed to raise those claims on direct appeal and, thus, has committed procedural default.

The United State Supreme Court has long held that there is a "general rule that claims not raised on direct appeal may not be raised on collateral review unless the

---

[24] Doc. 10 at 6-11.
[25] *Id.* at 12-16.
[26] The Court notes, however, that Vonneida's claims appear to be without merit. For example, while Vonneida claims that his sentence is illegal, the statutory maximum penalty for his crime of conviction is 30 years' imprisonment. 18 U.S.C. § 2251(e). The Court imposed a sentence within that limit, Doc. 75, and considered the relevant 18 U.S.C. § 3553(a) factors when imposing sentence. *See* Doc. 84 at 29-32. Because the Court "consider[ed] the § 3553(a) factors and impose[d] a sentence within the statutory limits for [the] offense," the "sentence is lawful." *United States v. Folk*, 954 F.3d 597, 605 (3d Cir.), *cert. denied*, 141 S. Ct. 837 (2020). Similarly, while Vonneida asserts that restrictions in his ability to have contact with children under the age of eighteen violate his rights, the Third Circuit has upheld such restrictions where there is evidence that an individual has committed a sexual offense against a minor. *United States v. Albertson*, 645 F.3d 191, 200-01 (3d Cir. 2011). Here, there is ample evidence in the record that Vonneida engaged in sexual contact with his one and one-half year-old granddaughter and, thus, special conditions that prohibit contact with minors are appropriate. Doc. 59 at 5-7.

[movant] shows cause and prejudice"[27] or is able to demonstrate "that he is actually innocent."[28] To show cause for procedural default, "a defendant must show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim."[29] "Examples of external impediments which have been found to constitute cause in the procedural default context include interference by officials, a showing that the factual or legal basis for a claim was not reasonably available to counsel, and ineffective assistance of counsel."[30]

Here, Vonneida failed to raise any of his claims on direct appeal, even though all three of the claims presented here may be raised in such an appeal.[31] Because Vonneida committed procedural default by failing to raise his claims on direct appeal, this Court may consider those claims only if he is able to establish cause and prejudice.[32] The Court concludes that he cannot.

---

[27] *Massaro v. United States*, 538 U.S. 500, 504 (2003). *See also United States v. Travillion*, 759 F.3d 281, 288 n.11 (3d Cir. 2014) (noting that "issues which should have been raised on direct appeal may not be raised with a § 2255 motion").

[28] *Bousley v. United States*, 523 U.S. 614, 622 (1998) (internal quotation marks omitted). Notably, Vonneida challenges only the sentence imposed, and does not assert that he is innocent of his crime of conviction.

[29] *United States v. Pelullo*, 399 F.3d 197, 223 (3d Cir. 2005) (quoting *McCleskey v. Zant,* 499 U.S. 467, 493 (1991)).

[30] *Id.* (internal quotation marks omitted).

[31] *See, e.g.*, *United States v. Seibert*, 971 F.3d 396, 401 (3d Cir. 2020) (reviewing on direct appeal substantive reasonableness of sentence imposed); *United States v. Townsend*, 649 F. App'x 189, 192 (3d Cir. 2016) (reviewing on appeal claim that sentence imposed was illegal); *Albertson*, 645 F.3d at 196-201 (considering on direct appeal challenge to special conditions of supervised release); *United States v. Begay*, 831 F. App'x 870, 870-72 (9th Cir. 2020) (reviewing on direct appeal constitutionality of special conditions of supervised release).

[32] *Massaro*, 538 U.S. at 504. Vonneida does not argue that he received ineffective assistance of counsel or appellate counsel, and none is apparent from the record. The Court therefore focuses its analysis solely on whether cause and prejudice may excuse the procedural default.

Vonneida appealed the sentence imposed, but that appeal was dismissed based upon an appellate waiver that was contained in the plea agreement that Vonneida signed.[33] Although Vonneida was ultimately unable to raise any claims on appeal due to the appellate waiver, that waiver does not constitute cause sufficient to excuse his procedural default. As the United States Court of Appeals for the Eleventh Circuit has explained, "[t]he fact that the claim may have been barred by the appeal waiver in [a] plea agreement d[oes] not constitute 'cause' to overcome the procedural default [where a defendant] voluntarily waived his appellate rights, a[s] this was not a factor external to the defense."[34] Stated differently, where a defendant "chose to waive his appellate rights, he cannot establish that a factor external to the defense and not attributable to his own conduct precluded his obtaining appellate review."[35]

Accordingly, the appellate waiver cannot constitute cause sufficient to excuse Vonneida's procedural default unless it was not "entered into knowingly and voluntarily [or its] enforcement [would] work a miscarriage of justice."[36] Here, there is no evidence that Vonneida's waiver of his appellate rights was not entered into knowingly and

---

[33] Doc. 85.
[34] *Carter v. United States*, No. 18-12723-B, 2018 WL 8667010, at *2 (11th Cir. Oct. 12, 2018). *See also Walker v. United States*, No. 1:17-CV-01201, 2021 WL 141801, at *2 (W.D. Tenn. Jan. 14, 2021) (reaching same conclusion and collecting cases).
[35] *McEarchen v. United States*, No. 4:18-CR-0001, 2020 WL 5997573, at *4 (N.D. Ga. May 26, 2020), *report and recommendation adopted*, No. 4:18-CR-0001, 2020 WL 3969886 (N.D. Ga. July 14, 2020).
[36] *United States v. Fazio*, 795 F.3d 421, 425 (3d Cir. 2015). Here, there has been no miscarriage of justice because, as noted above, there has been no error, let alone an error of such magnitude that it could be deemed a miscarriage of justice.

voluntarily.[37] To the contrary, the plea agreement clearly denotes the appellate waiver, Vonneida's attorney "carefully reviewed every part of th[e] agreement" with Vonneida, and Vonneida fully understood the plea agreement.[38] Furthermore, at the change of plea hearing, the Court confirmed that Vonneida understood that he had waived his appellate rights and confirmed that he was entering into the plea agreement based on his own free will, absent any threats or promises other than those contained in the plea agreement. Under these circumstances, the Court concludes that Vonneida's waiver of his appellate rights was knowing and voluntary.[39]

Because Vonneida knowingly and voluntarily agreed to waive his appellate rights, he cannot "show that 'some objective factor external to the defense impeded counsel's efforts' to raise the claim" on direct appeal.[40] In the absence of any such external factor, the Court may not excuse Vonneida's procedural default, and may not reach the merits of his underlying claims in this § 2255 motion. Accordingly, the Court will deny Vonneida's § 2255 motion.

Because the Court will deny Vonneida's § 2255 motion, this decision is not appealable unless this Court or a circuit justice issues a certificate of appealability.[41] A certificate of appealability will not issue absent "a substantial showing of the denial of

---

[37] Nor does Vonneida argue that his waiver was not entered into in a knowing and voluntary fashion.
[38] Doc. 35 at 33; *see id.* at 29-30.
[39] *See Fazio*, 795 F.3d at 425-26 (concluding under similar circumstances that waiver was knowing and voluntary).
[40] *Pelullo*, 399 F.3d at 223.
[41] 28 U.S.C. § 2253(c)(1)(B).

8

a constitutional right."[42] To satisfy this standard Vonneida must demonstrate that reasonable jurists would find it debatable whether Vonneida stated a claim for the denial of a constitutional right, "and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[43] The Court finds that Vonneida has not met this burden, and therefore declines to issue a certificate of appealability.

## III. CONCLUSION

For the foregoing reasons, the Court concludes that Vonneida's claims have been procedurally defaulted, and no cause exists to excuse that procedural default. Accordingly, Vonneida's 28 U.S.C. § 2255 motion will be denied. The Court will also deny a certificate of appealability.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge

---

[42] *Id.* § 2253(c)(2).
[43] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).

9